# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>CHIEF DIGITAL ADVISORS; Cathy Parkes d/b/a Level Up RN; Assessment Technologies Institute, LLC,<br><br>              Defendant. | Case No.:  20-cv-1075-MMA-AGS<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Under Local Civil Rule 16.1(d), a Case Management Conference was held on **September 21, 2020**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **May 20, 2021**.

2. During discovery, the following per-side discovery limitations apply:

| Discovery Type | Restriction (Per Side) |
|---|---|
| Depositions | No more than 7 |
| Requests for Admission | No more than 25, except that each party may issue an unlimited number concerning evidence admissibility. |
| Interrogatories | No more than 25 |
| Requests to Produce Documents | No more than 25 |

3. All fact discovery must be completed by all parties by **September 17, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The parties must designate their respective experts in writing by **July 25, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **August 20, 2021**.

The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

5. By **July 25, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **August 20, 2021**.

7. All expert discovery must be completed by all parties by **September 17, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **October 15, 2021**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

11. A Mandatory Settlement Conference will be conducted on **September 27, 2021**, at **9:00 a.m.** in the chambers of Magistrate Judge Andrew G. Schopler. Counsel or any party representing himself or herself must submit confidential settlement briefs directly to the magistrate judge's chambers by **September 20, 2021**. All parties are ordered to read and fully comply with the Chambers Rules of the assigned Magistrate Judge.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. Due to the length of this initial schedule, the dates and times set forth herein will not be modified except in extraordinary circumstances.

14. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

15. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge