1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>CHIEF DIGITAL ADVISORS, et al.,<br><br>                                   Defendants. | Case No.:  20-cv-1075-MMA (AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE, THE FIFTH AND SIXTH COUNTERCLAIMS**<br><br>[Doc. No. 22] |
| CATHY PARKES, et al.,<br><br>                                   Counter Claimants,<br><br>v.<br><br>CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>                                   Counter Defendant. | |

On June 12, 2020, Citizens Insurance Company of America ("CICA") filed a complaint against Chief Digital Advisors ("CDA"), Cathy Parkes ("Parkes") d/b/a Level Up RN, and Assessment Technologies Institute, LLC ("ATI").  *See* Doc. No. 1 ("Compl.").  CICA seeks a declaratory judgment that it has no duty to indemnify Parkes in an action pending in the United States District Court for the District of Kansas (the

1
2
3
4

"Kansas Action"). *See* Case No. 19-CV-2514-JAR-KGG. In response, Defendants filed a Countercomplaint against CICA and The Hanover Insurance Group, Inc.[1] *See* Doc. No. 13 ("CC"). They bring breach of contract and tort claims, in addition to seeking a declaratory judgment that, *inter alia*, CICA must in fact indemnify Parkes. *See id.*

5
6
7
8
9
10
11
12

On September 14, 2020, CICA filed a motion to dismiss the counterclaims for breach of contract and tortious breach of the implied covenant of good faith and fair dealing or in the alternative, to strike them. *See* Doc. No. 22. Defendants filed an opposition, to which CICA replied. *See* Doc. Nos. 26, 27. The Court found the matter suitable for disposition on the papers and without oral argument pursuant to Federal Rule of Civil procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 28. For the reasons set forth below, the Court **DENIES** CICA's motion to dismiss and **DENIES** CICA's motion to strike.

13

## I. BACKGROUND

14
15
16
17
18
19
20

Parkes is Chief Educator and "the face of" CDA's Level Up RN line of business. *See* CC ¶ 12. Level Up RN provides "educational resources and coaching to nursing students and nurses." CC ¶ 8. Similarly, ATI is a company that provides educational resources and materials to nursing schools and students nationwide. *See* Compl. ¶ 8. Allegedly, Parkes misappropriated ATI's proprietary materials and Level Up RN began selling and promoting derivative versions of it. *See id.* ¶¶ 8–9. As a result, ATI filed a complaint against Parkes in the United States District Court for the District of Kansas.

21
22
23

---

24
25

[1] ATI answered CICA's Complaint, *see* Doc. No. 6, but did not join in the Countercomplaint or join in or oppose CICA's motion to dismiss. Because ATI is—at this juncture and for the present purpose—a passive party, the Court's references to "Defendants" are only to Parkes and CDA.

26
27
28

According to the Countercomplaint, The Hanover Insurance Group, Inc. either operates under the name of, or wholly owns as a subsidiary, CICA. *See* Doc. No 13 ¶¶ 4–5. CICA itself admits that it is the d/b/a of the Hanover Insurance Group. *See* Doc. No. 22-1 at 2. So the Court considers them one party and refers to them collectively as "CICA".

*See id.* ¶ 7.  ATI alleges copyright infringement, trade secret misappropriation, breach of contract, and unfair competition.  *See id.*

CDA holds a Businessowners Liability Insurance Coverage Policy for the period covering January 28, 2019 through January 28, 2020 (the "Policy").  *See* Compl. ¶ 10.  CICA is the insurer.  *See id.*; CC ¶ 19.  Relying on the Policy, Parkes tendered defense in the Kansas Action to CICA.  *See* CC ¶ 28.  CICA acknowledged the tender.  *See id.* ¶ 29.  CICA then initiated this action seeking a declaratory judgment that it has no duty to defend Parkes in the Kansas Action.  *See* Compl.  Defendants filed a joint answer and Counterclaim, which included the following counterclaims: (1) request for declaratory relief regarding CICA's duty to defend (2) request for declaratory relief regarding CICA's duty to indemnify Defendants in the event of settlement; (3) request for declaratory relief regarding CICA's lack of entitlement to cost reimbursement; (4) request for declaratory relief regarding independent counsel; (5) breach of contract; and (6) tortious breach of the implied covenant of good faith and fair dealing.  *See* CC.  CICA now seeks to dismiss the fifth and sixth counterclaims, or in the alternative, to strike them.  *See* Doc. No. 22.

## II. LEGAL STANDARDS

### A.   Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Instead, the complaint "must contain allegations of

underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

**B.    Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Produce Pay, Inc. v. FVF Distributors Inc.*, No. 3:20-CV-00517-MMA-MDD, 2020 U.S. Dist. LEXIS 111614, at *5 (S.D. Cal. June 24, 2020). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bianchi v. State Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000). Deciding whether to

1  "grant a motion to strike lies within the sound discretion of the district court."  *Holmes v.*
2  *Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

3  ### III. D̲ISCUSSION

4  **A.   Motion to Dismiss for Failure to State A Claim**

5  CICA moves to dismiss Counterclaim Nos. 5 and 6—breach of contract and breach
6  of the implied covenant of good faith and fair dealing, respectively.  Accordingly, the
7  Court addresses the sufficiency of each counterclaim.

8  **1. Breach of Contract**

9  Defendants' fifth counterclaim is for breach of contract.  *See* CC ¶¶ 67–72.  In
10  California, to recover for breach of contract in an insurance action, the plaintiff must
11  plead: (1) an insurance contract; (2) the insured's performance or excuse for
12  nonperformance; (3) the insurer's breach; and (4) resulting damages.  *See San Diego*
13  *Hous. Com v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 536 (1998).  The first two
14  elements are not in question.  The insurance contract at issue is the Policy.  *See, e.g.*, CC
15  ¶ 19.  And Defendants assert they have performed under it.  *See id.* ¶ 67.  The third
16  element, however, requires a more detailed analysis.  CICA argues that Defendants have
17  not sufficiently alleged a breach of the Policy.  *See* Doc. No. 22.  Defendants explain that
18  the alleged breach is not that CICA refuses to defend Parkes in the Kansas Action.  *See*
19  Doc. No. 26 at 9.  In fact, it appears undisputed that CICA continues to provide a defense.
20  *See* Doc. Nos. 22-1 at 3, 26 at 7.  Instead, the basis for this claim is that CICA is
21  contractually obligated to provide independent counsel and has not done so.  *See* CC ¶¶
22  40, 70–71.

23  The duty of an insurer to provide independent counsel was outlined in *Cumis* and
24  later codified in California Civil Code § 2860.  *See San Diego Navy Fed. Credit Union v.*
25  *Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358 (1984); Cal. Civ. C. § 2860.  According to
26  Civil Code § 2860, a disqualifying conflict of interest creates a duty for insurers to
27  provide independent counsel.  *See* Cal. Civ. C. § 2860.  For example, "[u]nder California
28  law, when an insurer agrees to defend its insured under a reservation of rights, a conflict

exists between the insurer and insured." *Cont'l Cas. Co. v. Enodis Corp.*, 417 F. App'x 668, 671 (9th Cir. 2011). But California Courts of Appeal

> repeatedly recognize a conflict of interest does not arise every time the insurer proposes to provide a defense under a reservation of rights. There must also be evidence that the outcome of [the] coverage issue can be controlled by counsel first retained by the insurer for the defense of the [underlying] claim.

*Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1421 (2002) (internal citation and quotation marks omitted); *see also Swanson v. State Farm Gen. Ins. Co.*, 219 Cal. App. 4th 1153, 1163–64 (2013) (internal citations and quotation marks omitted). Thus, "[i]t is only when the basis for the reservation of rights is such as to cause assertion of factual or legal theories which undermine or are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient to require independent counsel, to be chosen by the insured, will arise." *Id.* at 1421–22; *see also Foremost Ins. Co. v. Wilks*, 206 Cal. App. 3d 251, 260-61, 253 Cal. Rptr. 596, 602 (1988) ("[T]he existence of a conflict depends upon the grounds on which the insurer is denying coverage. If the reservation of rights arises because of coverage questions which depend upon the insured's own conduct, a conflict exists.") (internal citations omitted).

In *McGee*, the Court of Appeals explained that the "crucial fact" in *Cumis* "was that the insurer's reservation of rights on the ground of noncoverage was based on the nature of the insured's conduct, which as developed at trial would affect the determination as to coverage." *McGee v. Superior Court*, 176 Cal. App. 3d 221, 226 (1985). Consequently, "[i]n the event of the insurer's reservation of rights, the insured's right to independent counsel 'depends upon the nature of the coverage issue, as it relates to the issues in the underlying case.'" *Gafcon, Inc.*, 98 Cal. App. 4th at 1422 (quoting *Blanchard v. State Farm Fire & Casualty Co.*, 2 Cal. App. 4th 345, 350 (1991)).

1    The Court finds that the *Rodriguez* case is factually similar and persuasive.  *See*

2    *Admiral Ins. Co. v. Rodriguez*, No. SACV 11-01565 AG (MLGx), 2012 U.S. Dist.

3    LEXIS 198476 (C.D. Cal. June 14, 2012).  In *Rodriguez*, the district court examined

4    claims for breach of contract and breach of the implied covenant of good faith and fair

5    dealing at the Rule 12(b)(6) motion to dismiss stage.  *See id.*  Both claims were

6    predicated on the insurance provider's failure to provide independent counsel.  *See id.* at

7    *10, 12.  Ultimately, the Court in *Rodriguez* denied the request to dismiss both claims.

8    *See id.*  In regard to the breach of contract claim, the *Rodriguez* court reasoned:

9

10       Here, Rodriguez plausibly alleges a need for independent *Cumis* counsel.
         First, Rodriguez alleges that Admiral's reservation of rights was based on
11       whether the underlying action related to "bodily injury" or "property
         damage." Second, Rodriguez claims that this reservation of rights led to a
12       need for independent *Cumis* counsel because Nolasco counsel could control
         the characterization of the injury in the underlying action. Admiral disputes
13       that it actually denied coverage on this basis, and whether this distinction
         was actually at issue in the underlying case. These are factual issues that are
14       best resolved in a motion for summary judgment. At this stage, Rodriguez
15       sufficiently alleges that Admiral wrongfully denied *Cumis* counsel.
16

17

18   *Id.* at *11–12 (internal citations omitted).

19       Similarly, the alleged breach here is CICA's failure to provide independent counsel

20   in the Kansas Action.  Certainly, there can be no breach if there is no duty.  And

21   Defendants must allege that an actual conflict exists to sufficiently plead a duty under

22   Civil Code § 2860.  Taking the Countercomplaint's allegations as true, CICA relied on

23   the Knowing Violation of Rights exclusion when it reserved its rights.[2]  *See* CC ¶¶ 29,

24   32, 71.  This exclusion overlaps with the liability issue in the Kansas Action.  To be sure,

25

26   _____

27   [2] The Court understands that the parties dispute the specific exclusion CICA relied on when it reserved
     its rights.  *See, e.g.*, CC ¶ 38.  But at the Rule 12(b)(6) stage, the Court must take Defendants' factual
28   allegation as true.  *See Cahill*, 80 F.3d at 337–38.

they both require examination of Parkes' intentional conduct—*e.g.*, whether she made videos to "lure students" and "promote the sale of her Study Cards." *Id.* ¶ 24.  And counsel could control the characterization of this conduct.  Consequently, Defendants have adequately pleaded that an actual conflict, and thus a duty to provide independent counsel under § 2860, exists.  *See McGee*, 176 Cal. App. 3d at 226.  Defendants further allege that CICA has breached this duty, and that they suffered damages as a result—the third and fourth elements.  *See* CC ¶¶ 71–72.  Accordingly, the Court finds that Defendants have pleaded a plausible counterclaim for breach of contract and **DENIES** CICA's motion to dismiss the fifth counterclaim.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants' sixth counterclaim is for breach of the implied covenant of good faith and fair dealing.  *See id.* ¶¶ 73–75.  "It is well established in California that an insured may recover in tort for damages flowing from breach of the implied covenant of good faith and fair dealing." *Minsky v. Gen. Accident Ins. Co.*, Case No. C-92-2920 BAC, 1993 U.S. Dist. LEXIS 13705, at *10 (N.D. Cal. Sep. 13, 1993) (citing *Gourley v. State Farm Mut. Auto. Ins. Co.,* 53 Cal. 3d 121, 127 (1991)).  "The essence of the implied covenant is that neither party to a contract will do anything to injure the right of the other to receive the benefits of the contract." *Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407, 415 (1999).  "To establish breach of the implied covenant, the insured must show that: (1) benefits due under the policy were withheld, and (2) such withholding was unreasonable." *O'Keefe v. Allstate Indem. Co.*, 953 F. Supp. 2d 1111, 1115 (S.D. Cal. 2013) (citing *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151 (1990)); *see also R & R Sails, Inc. v. Ins. Co.*, 610 F. Supp. 2d 1222, 1230–31 (S.D. Cal. 2009) ("Under California law, in order to prevail on a claim for breach of the implied covenant of good faith and fair dealing, Plaintiff must establish that the Defendant's handling of the claim was unreasonable or without proper cause.") (citing *Love*, 221 Cal. App.3d at 1151).

CICA argues that "a contractual obligation is the underpinning of a bad faith claim." *See* Doc. No. 22-1 at 5.  Legally, CICA is correct.  "The covenant of good faith

and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) (emphasis in original).  But CICA's argument—that because Defendants' breach of contract claim cannot survive, neither can their claim for breach of the implied covenant—fails. *See* Doc. No. 22-1 at 5.  "The principle that no breach of the covenant of good faith and fair dealing can occur if no benefits are due under the policy applies only when no potential for coverage exists under the policy." *350 W. Ash Urban Home, Inc. v. Everest Indem. Ins. Co.*, No. 13-cv-18-W(BGS), 2014 U.S. Dist. LEXIS 58087, at *13–14 (S.D. Cal. Apr. 22, 2014) (internal citation and quotation marks omitted).  The issue of coverage is undetermined.  And importantly at this stage, the Court has determined that Defendants adequately pleaded a duty to provide independent counsel and resulting breach.  Thus, CICA's argument fails in this respect.

That said, "where breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous" and "where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid." *Guz*, 8 P.3d at 1095; *see also id.* at 1112; *G.P.P., Inc. v. Guardian Prot. Prods.*, No. 1:15-cv-00321-SKO, 2015 U.S. Dist. LEXIS 85999, at *25–26 (E.D. Cal. June 30, 2015) ("In a claim for breach of the implied covenant, if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous.").  Thus, the basis for an implied covenant breach must involve more than a mere breach of contract.

With respect to this counterclaim, Defendants plead more than just breach of contract.  Taking the allegations as true, CICA relied on the Knowing Violation of Rights exclusion when it reserved it rights—thus creating a conflict—and yet did not provide independent counsel.  Defendants further allege that this withholding was unreasonable.  Specifically, Defendants assert that CICA wrongfully and unreasonably adopted "narrow

and arbitrary interpretations" of key Policy provisions and maintained a "narrow and arbitrary position that it did not have a duty to defend the [Kansas] Action through independent counsel" in contravention of black letter law.  CC ¶¶ 55(a)–(b).  Defendants therefore adequately plead that CICA's refusal to provide independent counsel was "unreasonable or without proper cause."  *Love*, 221 Cal. App. 3d at 1151.

Of course, "[i]f there is a 'genuine dispute' as to the insurer's liability, a court can conclude as a matter of law that the insurance company's handling of the claim was not unreasonable."  *R & R Sails, Inc.*, 610 F. Supp. 2d at 1230–31 (quoting *Opsal v. United Services Auto. Assn.*, 2 Cal. App. 4th 1197, 1205–06 (1991)); *see also Budway Enters. v. Fed. Ins. Co.*, No. EDCV 09-448-VAP (OPx), 2009 U.S. Dist. LEXIS 31584, at *18 (C.D. Cal. Apr. 14, 2009) ("Where there is a genuine issue as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute.") (quoting *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1072 (2007)).  But even assuming the Court agrees that the genuine dispute doctrine applies, the Countercomplaint is not defective.  "Defendants may raise their genuine issue defense before the Court at a later stage of this litigation; at this juncture, the genuine issue doctrine does not bar [the] allegation."  *Budway Enters.*, 2009 U.S. Dist. LEXIS 31584, at *19 (C.D. Cal. Apr. 14, 2009).  Accordingly, the Court **DENIES** CICA's motion to dismiss the sixth counterclaim.

## B.   Motion to Strike

CICA alternatively moves to strike Counterclaim Nos. 5 and 6 under Rule 12(f).  *See* Fed. R. Civ. P. 12(f).  CICA does not cite to the applicable standard or otherwise appropriately brief this alternative request.  And "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).  In any event, the Court concludes that Counterclaim Nos. 5 and 6, and the allegations contained therein, are neither redundant, immaterial, impertinent, nor

1  scandalous.  Consequently, the Court **DENIES** CICA's alternative request to strike these
2  counterclaims.

### IV. CONCLUSION

4  For the foregoing reasons, the Court **DENIES** CICA's motion to dismiss, or
5  alternatively, to strike, the fifth and sixth counterclaims.

6  **IT IS SO ORDERED.**

7  Dated:  November 24, 2020

HON. MICHAEL M. ANELLO
United States District Judge