**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALAN E. SWERDLOW, SB# 130341
　E-Mail: Alan.Swerdlow@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for PLAINTIFF & COUNTERDEFENDANT HANOVER INSURANCE COMPANY d/b/a CITIZENS INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CHIEF DIGITAL ADVISORS; CATHY PARKES d/b/a LEVEL UP RN; and ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.,<br><br>　　　　Defendants. | Case No. 3:20-cv-01075-MMA-AGS<br><br>**ANSWER TO COUNTERCLAIM** |
| CHIEF DIGITAL ADVISORS, LLC d/b/a Level Up RN and CATHY PARKES,<br><br>　　　　Counterclaimants,<br><br>　　vs.<br><br>THE HANOVER INSURANCE GROUP, INC. d/b/a CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>　　　　Counterdefendant. | Judge:　Michael M. Anello<br>Magistrate:　Hon. Andrew G. Schopler<br><br>Action Filed:　　June 12, 2020 |

# ANSWER TO COUNTERCLAIM
## PARTIES, JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

2. In answer to Paragraph 2 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

3. In answer to Paragraph 3 of the Counterclaim, Counterdefendant admits these allegations.

4. In answer to Paragraph 4 of the Counterclaim, Counterdefendant admits these allegations.

5. In answer to Paragraph 5 of the Counterclaim, Counterdefendant admits these allegations.

6. In answer to Paragraph 6 of the Counterclaim, Counterdefendant does not dispute that this Court has supplemental jurisdiction over these claims.

7. In answer to Paragraph 6 of the Counterclaim, Counterdefendant does not dispute that this venue is proper.

## GENERAL ALLEGATIONS
### The Insureds

8. In answer to Paragraph 8 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

9. In answer to Paragraph 9 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

10. In answer to Paragraph 10 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations

and on that basis deny each of the allegations contained therein.

11. In answer to Paragraph 11 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

12. In answer to Paragraph 9 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

## The Policy

13. In answer to Paragraph 13 of the Counterclaim, Counterdefendant admits these allegations.

14. In answer to Paragraph 14 of the Counterclaim, Counterdefendant admits these allegations.

15. In answer to Paragraph 15 of the Counterclaim, Counterdefendant admits that IOA was involved in the procurement of insurance.

16. In answer to Paragraph 16 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

17. In answer to Paragraph 17 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein, other than the allegation that an application for insurance was submitted.

18. In answer to Paragraph 18 of the Counterclaim, Counterdefendant admits these allegations.

19. In answer to Paragraph 19 of the Counterclaim, Counterdefendant admits these allegations.

20. In answer to Paragraph 20 of the Counterclaim, Counterdefendant admits that subject to the complete terms and conditions of the policy, Counterdefendant admit Paragraph 20 generally describe the duties imposed by the Policy.

21. In answer to Paragraph 21 of the Counterclaim, Counterdefendant admits these this is language contained in the Policy.

22. In answer to Paragraph 22 of the Counterclaim, Counterdefendant admits these this is language contained in the Policy.

23. In answer to Paragraph 23 of the Counterclaim, Counterdefendant admits these allegations.

24. In answer to Paragraph 24 of the Counterclaim, Counterdefendant admits these allegations.

25. In answer to Paragraph 25 of the Counterclaim, Counterdefendant denies these allegations as such allegations contain a legal conclusion.

26. In answer to Paragraph 26 of the Counterclaim, Counterdefendant denies these allegations as such allegations contain a legal conclusion.

27. In answer to Paragraph 27 of the Counterclaim, Counterdefendant denies these allegations.

**The Tender of the Underlying Action and HANOVER/CICA's Response**

28. In answer to Paragraph 28 of the Counterclaim, Counterdefendant admits this allegation.

29. In answer to Paragraph 29 of the Counterclaim, Counterdefendant admits that the tender was acknowledged, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

30. In answer to Paragraph 30 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

31. In answer to Paragraph 31 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

32. In answer to Paragraph 32 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that

the allegations misrepresent the contents of the correspondence.

33. In answer to Paragraph 33 of the Counterclaim, Counterdefendant denies these allegations as such allegations contain a legal conclusion.

### The Right to Independent Counsel

34. In answer to Paragraph 34 of the Counterclaim, Counterdefendant denies these allegations as such allegations contain a legal conclusion.

35. In answer to Paragraph 35 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence..

36. In answer to Paragraph 36 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

37. In answer to Paragraph 37 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

38. In answer to Paragraph 38 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

39. In answer to Paragraph 39 of the Counterclaim, Counterdefendant admits that a correspondence was made, however, denies the allegations to the extent that the allegations misrepresent the contents of the correspondence.

40. In answer to Paragraph 40 of the Counterclaim, Counterdefendant admits to making a coverage decision (reservation of rights); however, Counterdefendant denies the categorization of such decision and Counterdefendant denies the remaining allegations in Paragraph 40.

41. In answer to Paragraph 41 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

1     Counterdefendent denies the allegations to the extent that such allegations

2     imply that the panel counsel has a conflict of interest.

3  42. In answer to Paragraph 42 of the Counterclaim, Counterdefendant denies

4     these allegations as such allegations contain a legal conclusion.

5  43. In answer to Paragraph 43 of the Counterclaim, Counterdefendant denies

6     these allegations as such allegations contain a legal conclusion.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Duty to Defend

9  44. In answer to Paragraph 44 of the Counterclaim, Counterdefendant

10    incorporates its answers to Paragraphs 1-43.

11  45. In answer to Paragraph 45 of the Counterclaim, Counterdefendant admits to

12    this description of the controversy between the parties.

13  46. In answer to Paragraph 46 of the Counterclaim, Counterdefendant denies

14    such contention.

15  47. In answer to Paragraph 47 of the Counterclaim, Counterdefendant admits that

16    the Insured seek such declaration.

17  48. In answer to Paragraph 48 of the Counterclaim, Counterdefendant admits that

18    such declaratory judgment is necessary.

19  49. In answer to Paragraph 49 of the Counterclaim, Counterdefendant admits that

20    such declaratory judgment would resolve a controversy between the parties.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Duty to Indemnify

23  50. In answer to Paragraph 50 of the Counterclaim, Counterdefendant

24    incorporates its answers to Paragraphs 1-49.

25  51. In answer to Paragraph 51 of the Counterclaim, Counterdefendant admits to

26    this description of the controversy between the parties.

27  52. In answer to Paragraph 52 of the Counterclaim, Counterdefendant denies

28    such contention.



53. In answer to Paragraph 53 of the Counterclaim, Counterdefendant admits that the Counterclaimants seek such declaration.

54. In answer to Paragraph 54 of the Counterclaim, Counterdefendant admits that such declaratory judgment is necessary.

55. In answer to Paragraph 55 of the Counterclaim, Counterdefendant admits that such declaratory judgment would resolve a controversy between the parties.

## THIRD CLAIM FOR RELIEF

### Declaratory Relief Regarding CICA's Lack of Entitlement to Reimbursement of Defense Costs Paid

56. In answer to Paragraph 56 of the Counterclaim, Counterdefendant incorporates its answers to Paragraphs 1-55.

57. In answer to Paragraph 57 of the Counterclaim, Counterdefendant admits to this description of the controversy between the parties.

58. In answer to Paragraph 58 of the Counterclaim, Counterdefendant denies such contentions, except the last contention that Counterdefendant has a right to reimbursement.

59. In answer to Paragraph 59 of the Counterclaim, Counterdefendant admits that the Counterclaimants seek such declaration.

60. In answer to Paragraph 60 of the Counterclaim, Counterdefendant admits that such declaratory judgment is necessary.

61. In answer to Paragraph 61 of the Counterclaim, Counterdefendant admits that such declaratory judgment would resolve a controversy between the parties.

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief Regarding Independent Counsel

62. In answer to Paragraph 62 of the Counterclaim, Counterdefendant incorporates its answers to Paragraphs 1-61.

63. In answer to Paragraph 63 of the Counterclaim, Counterdefendant admits to this description of the controversy between the parties.

64. In answer to Paragraph 64 of the Counterclaim, Counterdefendant admits that Counterclaimants seek such declaration, however Counterdefendant denies that it breached its duty to defend.

65. In answer to Paragraph 65 of the Counterclaim, Counterdefendant admits that such declaratory judgment is necessary.

66. In answer to Paragraph 66 of the Counterclaim, Counterdefendant admits that such declaratory judgment would resolve a controversy between the parties.

## FIFTH CLAIM FOR RELIEF

**Breach of Contract (Duty to Defend Through Independent Counsel)**

67. In answer to Paragraph 67 of the Counterclaim, Counterdefendant incorporates its answers to Paragraphs 1-66.

68. In answer to Paragraph 68 of the Counterclaim, Counterdefendant denies the allegations as such allegations involves legal conclusions.

69. In answer to Paragraph 69 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each of the allegations contained therein.

70. In answer to Paragraph 70 of the Counterclaim, Counterdefendant admits acknowledges that this paragraph generally describes duties of insurers.

71. In answer to Paragraph 71 of the Counterclaim, Counterdefendant denies the allegations, including to the extent that the allegations call for legal conclusions.

72. In answer to Paragraph 72 of the Counterclaim, Counterdefendant denies the allegations, including to the extent that the allegations call for legal conclusions.

## SIXTH CLAIM FOR RELIEF

**Tortious Breach of Implied Covenant of Good Faith and Fair Dealing**

73. In answer to Paragraph 73 of the Counterclaim, Counterdefendant incorporates its answers to Paragraphs 1-72.

74. In answer to Paragraph 74 of the Counterclaim, Counterdefendant denies the allegations as such allegations involves legal conclusions.

75. In answer to Paragraph 75 of the Counterclaim, Counterdefendant deny each of the allegations contained therein.

## AFFIRMATIVE DEFENSES

Counterdefendant asserts the affirmative defenses set forth below. By pleading these affirmative defenses, Counterdefendant does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issues in this action. All affirmative defenses are pled in the alternative and do not constitute an admission of coverage or liability or an admission Counterclaimants are entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim as to Counterdefendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The exclusions in the Policy bars coverage for the claim at issue in this action.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are or may be barred by the doctrines of waiver, estoppel, laches, or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred or limited to the extent that Counterclaimants have failed to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred or limited to the extent by The Genuine Dispute Doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaims request for *Brandt* Fees are barred because no benefits due under the Policy were withheld.

**SEVENTH AFFIRMATIVE DEFENSE**

The Counterclaims demands for Punitive Damages are barred pursuant to sections 3294 and 3345 of the California Civil Code, violates Defendant's right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California

**EIGHTH AFFIRMATIVE DEFENSE**

The Counterclaims demands for Punitive Damages are barred to the extent that it seeks punitive or exemplary damages pursuant to sections 3294 and 3345 of the California Civil Code, because such claims violate Counterdefendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

**NINTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred because Cathy Parkes d/b/a/ is not an insured under the Policy.

**TENTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred because no coverage is afforded for the loss under the Policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Counterdefendant reserves the right to interpose any and all defenses available to it under the Policy and/or any law which may be applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. Counterdefendant reserves the right to amend the foregoing Answer and Affirmative Defenses.

| | | |
|---|---|---|
| DATED: December 8, 2020 | | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By:     /s/ Alan. E. Swerdlow
ALAN E. SWERDLOW
Attorneys for PLAINTIFF &
COUNTERDEFENDANT CITIZENS
INSURANCE COMPANY OF AMERICA